THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IRMA NANEZ, | § | NO. 5:15-CV-1074-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JOHN M. McHUGH, Secretary, United | § | |
| States Department of the Army, | § | |
| | § | |
| Defendant. | § | |

ORDER DENYING PETITION FOR APPOINTMENT OF COUNSEL

Before the Court is Irma Nanez's ("Plaintiff's") Petition for Appointment of Counsel. (Dkt. # 19.) Pursuant to Local Rule 7(h), the Court finds this matter appropriate for disposition without a hearing. For the reasons that follow, the Court **DENIES** Nanez's motion. (Dkt. # 19.)

BACKGROUND

Nanez's motion arises out of her suit against Secretary of the Army John McHugh ("Defendant" or "McHugh"), for alleged employment discrimination on the basis of her race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16. ("Compl.," Dkt. # 1 ¶¶ 28–31.) Plaintiff exhausted her administrative remedies before the EEOC prior to filing this suit. See EEOC Decision No. 451-2012-00180X.

Nanez filed this suit in the United States District Court for the District of Columbia. (Compl.) On November 23, 2015, the United States District Court for the District of Columbia granted Defendant's motion to transfer the case to the Western District of Texas. (Dkt. # 14.) Plaintiff did not appeal or otherwise dispute the Court's transfer order. The case was transferred to this Court on December 4, 2015. (Dkt. # 15.) On January 7, 2016, Plaintiff filed the instant Petition for Appointment of Counsel. (Dkt. # 19.)

## LEGAL STANDARD

"Title VII authorizes district courts, upon application and 'in such circumstances as the court may deem just,' to appoint counsel to represent Title VII plaintiffs." Neal v. IAM Local Lodge 2386, 722 F.2d 247, 250 (5th Cir. 1984) (quoting 42 U.S.C. § 2000e-5(f)(1)). "There is no automatic right to appointment of counsel," and "the decision whether to appoint counsel rests within the sound discretion of the trial court." Gonzalez v. Carlin, 907 F.2d 573, 579 (5th Cir. 1990). District courts traditionally use the "exceptional circumstances" test when determining whether to appoint counsel in a civil suit; however, there is a different "standard for analyzing the need for appointed counsel in Title VII cases." Id. at 580 (citing 42 U.S.C. § 2000e–5(f)(1)). Pursuant to this unique test, a district court should evaluate: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial

ability to retain counsel." Gonzalez, 907 F.2d at 580 (citing Neal, 772 F.2d at 250). No one factor is dispositive in this inquiry. Id. While a plaintiff, particularly one who is pro se, need not "be saddled with formalized [pleading] requirements," the plaintiff does bear "the burden of persuasion with regard to [her] application." Caston v. Sears, Roebuck & Co., Hattiesburg, Miss, 556 F.2d 1305, 1310 (5th Cir. 1977).

## DISCUSSION

Plaintiff asks the Court to appoint an attorney to represent her because she resides in Atlanta, Georgia and will face financial hardship if made to pay the costs of travelling to San Antonio, in addition to the cost of retaining local counsel.[1] (Dkt. # 19 at 1.)

A. Merits of Plaintiff's Claims

When evaluating the merits of a plaintiff's claim of discrimination for purposes of appointing counsel, a court is permitted to consider the EEOC determination. Caston, 556 F.2d at 1309 ("While a district court may not give preclusive effect to the determination of the EEOC, we reject the notion that the

---

[1] Plaintiff states that the Court's transfer of venue (Dkt. # 14) is the cause of her instant motion, because she had "family status in Washington D.C." (Dkt. # 19 at 1.) The Court presumes Plaintiff means she was able to stay cost-free with relatives in Washington D.C. during the course of litigation, while she is unable to do so in San Antonio.

merits of the claim may not be considered in ruling upon an application for counsel.").

In the instant case, the EEOC found on appeal that the employment decisions at issue were made without awareness of Plaintiff's race or national origin, and that Plaintiff's employer was able to "articulate[ ] legitimate, nondiscriminatory reasons" for the employment decisions at issue. EEOC Decision No. 451-2012- (3), 3–4 (Jan. 31, 2014). Plaintiff's complaint does not allege additional facts explaining why this decision was incorrect. While the EEOC decision does not indicate the outcome of the case before this Court, it does weigh against the appointment of counsel in the instant analysis.

B. <u>Efforts to Obtain Counsel</u>

Plaintiff does not state that she has made any attempt to retain local counsel on a contingency fee basis or on a modified fee scale and was not able to do so, nor does she allege that she attempted to retain local counsel at all. (Dkt. # 19.) Rather, she states that she does not believe she will be able to pay both legal and travel costs associated with this lawsuit. (<u>Id.</u> at 1.) At this point, Plaintiff has not demonstrated to the Court that she was unable to retain local counsel, and this weighs against a determination to appoint counsel at this time.

C. <u>Plaintiff's Financial Ability to Retain Counsel</u>

Plaintiff states that her only source of income is her retirement pension. (Dkt. # 19 at 1.) However, Plaintiff has not submitted any detailed information regarding her financial situation to the Court; without more, the Court is left to surmise her financial position. Plaintiff retired from the United States Government at the GS-14 level. (Compl. ¶¶ 11, 20, 26.) While not dispositive, courts are less likely to appoint counsel to a plaintiff with a steady source of income in a Title VII case. <u>See</u> <u>Gonzalez</u>, 907 F.2d at 580 (finding that plaintiff in Title VII case with modest savings and a steady United States Postal Service income "was in no worse financial straits than many litigants who seek an attorney to take their case"). Without more detailed information regarding Plaintiff's financial situation, the court finds that this factor currently weighs against the appointment of counsel.

## CONCLUSION

At this time, Plaintiff has not demonstrated any of the factors justifying appointment of counsel in a Title VII suit. Accordingly, the Court **DENIES WTHOUT PREJUDICE** Ms. Nanez's Petition for Appointment of Counsel. (Dkt. # 19.)

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, January 13, 2016.

_____
David Alan Ezra
Senior United States Distict Judge